■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO HERNANDEZ, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The court erred in denying defendant's written request to charge on circumstantial evidence. Although the court gave an instruction on circumstantial evidence, it failed to state that the circumstantial facts must be proven beyond a reasonable doubt and that the circumstantial facts proved must exclude to a mortal certainty every hypothesis but guilt (see, People v Barnes, 50 NY2d 375, 379-380; 1 CJI[NY] 9.05, at 471-476). Since proof of defendant's possession of cocaine was wholly circumstantial, the moral certainty charge was required and defendant is entitled to a new trial. Evidence of a confirmation buy made shortly before defendant's arrest and the marked $20 bill found on defendant's person was properly admitted into evidence as they tended to demonstrate defendant's knowledge that the substance found was cocaine and to show absence of accident or mistake. We have reviewed the other issues raised by defendant and find them lacking in merit. (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.—criminal possession of controlled substance, fourth degree.) Present—Doerr, J. P., Denman, Boomer, Balio and Lawton, JJ.